UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
NOV 27 2019
Clerk, U.S. District and Bankruptcy Courts

| | |
|---|---|
| HELGA SUAREZ CLARK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No: 1:19-cv-03349 (UNA) |
| ) | |
| PERU REPUBLIC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The court will grant the *in forma pauperis* application and dismiss the case because the complaint fails to meet the minimal pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure.

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). A complaint "that is excessively long, rambling, disjointed, incoherent, or full of irrelevant and confusing material will patently fail [Rule 8(a)'s] standard, and so will a complaint that contains an untidy assortment of claims that are neither plainly nor concisely stated, nor

meaningfully distinguished from bold conclusions, sharp harangues and personal comments." *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). The instant complaint falls within this category.

Plaintiff, a resident of Peru, sues the country of Peru and numerous individual defendants. The prolix complaint and its accompanying exhibits total 298 pages. The complaint ranges in topics, including, but not limited to: medical malpractice, torture, discrimination, recognition of international educational degrees, conspiracy, legal malpractice, theft, loss of personal property, child custody disputes, reckless endangerment, personal injury, kidnapping, involuntary commitment, fraud, disability claims, and false arrest and imprisonment. These disparate accounts range from plaintiff's early childhood to date. Plaintiff's claimed damages, as far as they can be understood, include: reinstatement and amendment of her "cancelled birth certificate in Peru," forced resignation of the entire staff of the Peruvian government and police force, revalidation of her college degrees by the Peruvian government, monetary damages, and a mandate to the UN to [sic] "answer repeated emails calls asking appointment as independent expert in human rights[.]"

The complaint fails to meet the minimum pleading standard set forth in Rule 8(a). The ambiguous and rambling allegations comprising the complaint fail to provide adequate notice of a claim. The causes of action, if any, are completely undefined. The pleading also fails to set forth allegations with respect to this court's jurisdiction, or a valid basis for an award of damages. Therefore, the court will dismiss the complaint. An order consistent with this memorandum opinion is issued separately.

Date: November 26, 2019

_____
United States District Judge

2